*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1098**

Freddie James Prewitt, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 6, 2017
Affirmed
Schellhas, Judge**

Hennepin County District Court
File No. 27-CR-12-821

Freddie J. Prewitt, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Jesson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief. We affirm.

**FACTS**

In April 2012, a jury found Freddie Prewitt guilty of third-degree criminal sexual conduct for sexually assaulting an unconscious woman. This court affirmed his conviction on direct appeal. *State v. Prewitt*, No. A12-1456, 2013 WL 3491078, at *1 (Minn. App. July 15, 2013), *review denied* (Minn. Sept. 25, 2013).

On March 7, 2016, Prewitt filed a pro se postconviction petition that appeared to raise the following nine claims: (1) he was convicted under an unconstitutional statute; (2) he was denied the effective assistance of counsel at trial; (3) newly discovered evidence exists; (4) his due process rights were violated; (5) he was denied equal protection; (6) he was deprived of his rights "under color of law"; (7) his conviction violated his human rights; (8) the prosecution intentionally destroyed evidence; and (9) his counsel for his direct appeal was ineffective. The district court denied the petition without holding an evidentiary hearing, concluding that the petition is time-barred and that, except for the ineffective-assistance-of-appellate-counsel claim, Prewitt's postconviction claims also are *Knaffla*-barred.

This appeal follows.

**D E C I S I O N**

A person claiming that his conviction or sentence violated his constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). We review the denial of a postconviction petition, including a request for an evidentiary hearing, for an abuse of discretion. *Swaney v. State*, 882 N.W.2d 207, 214 (Minn. 2016).

We review the district court's legal determinations de novo and its fact-findings for clear error. *Id.*

## I

Prewitt's postconviction petition is time-barred. A petition for postconviction relief must be filed within two years of the later of "the entry of judgment of conviction or sentence if no direct appeal is filed" or "an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(1)–(2) (2014). This court affirmed Prewitt's conviction on July 15, 2013, and the supreme court denied his petition for further review on September 25, 2013. Prewitt did not file a petition for writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13 (requiring petitions for writ of certiorari to be filed within 90 days after the entry of the state court order denying discretionary review). Prewitt's conviction therefore became final in December 2013. *See Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013) (determining that, for purposes of the two-year limitations period, the petitioner's conviction became final 90 days after the Minnesota Supreme Court decided the direct appeal). Because Prewitt filed his postconviction petition more than two years later on March 7, 2016, his petition is time-barred.

A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. Minn. Stat. § 590.01, subd. 4(b) (2014). Prewitt argues that the exceptions for mental disease, newly discovered evidence, and the interests of justice apply here. *Id.*, subd. 4(b)(1)–(2), (5). Under these exceptions, Prewitt was required to file his petition within two years of the date the claim giving rise to the invoked exception accrued. *Id.*, subd. 4(c). "A claim arises when the petitioner objectively knew or should have known

3

that he had a claim." *Hooper v. State*, 888 N.W.2d 138, 142, (Minn. 2016) (quotation omitted).

*Mental Disease*

A court may hear an untimely postconviction petition when "the petitioner establishes that a physical disability or mental disease precluded a timely assertion of the claim." Minn. Stat. § 590.01, subd. 4(b)(1). Prewitt asserts generally that he suffers from mental illness and has a low education level. But he does not explain why this prevented him from timely asserting his claims. Prewitt therefore is not entitled to relief under this exception.

*Newly Discovered Evidence*

For the newly-discovered-evidence exception to apply, the petitioner must:

> (1) allege the existence of newly discovered evidence; (2) which could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition; (3) which is not cumulative to evidence presented at trial; (4) is not for impeachment purposes; and (5) which establishes by a clear and convincing standard that the petitioner is innocent of the offense for which the petitioner was convicted.

*Scott v. State*, 788 N.W.2d 497, 501–02 (Minn. 2010) (citing Minn. Stat. § 590.01, subd. 4(b)(2)). The petitioner must establish all five elements to obtain relief. *Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012).

Prewitt appears to argue that newly discovered evidence exists "in the form of hidden hospital medical records that revealed the alleged victim in this case suffered from two fatal sexually transmitted diseases . . . without being treated for over three months" as

4

well as evidence of photographic lineups conducted outside of his presence. But this evidence is not new. Prewitt states in his petition that he learned of the medical records in May 2012, prior to his direct appeal. Similarly, the record shows that he received discovery containing the photographic lineups prior to trial. Because Prewitt knew about the evidence "within the two-year time period for filing a postconviction petition," he is not entitled to relief under the newly-discovered-evidence exception. *See* Minn. Stat. § 590.01, subds. 4(b)(2), (c).

### *Interests of Justice*

The interests-of-justice exception has two requirements: "(1) that the petition is not frivolous and (2) that reviewing the petition is in the interests of justice." *Berkovitz*, 826 N.W.2d at 209. "[T]he interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not the *substance* of the petition." *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012). Prewitt does not identify any injustice that caused him to miss the two-year deadline. Rather, the arguments in his petition are directed entirely to the substance of his claims. The interests-of-justice exception does not apply.

### II

Eight claims in Prewitt's petition are *Knaffla*-barred. Under the *Knaffla* rule, when a petition for postconviction relief follows a direct appeal, all claims that were raised in the direct appeal are procedurally barred. *Swaney*, 882 N.W.2d at 214 (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)). "The *Knaffla* rule also bars all claims that were known or should have been known at the time of the direct appeal." *Id.* at 215

5

(footnote omitted); *see also* Minn. Stat. § 590.01, subd. 1 ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."). The supreme court has recognized two exceptions to the *Knaffla* rule: (1) "a claim is not barred if the claim involves an issue so novel that its legal basis was not reasonably available at the time of the direct appeal," and (2) under "the interests-of-justice exception, the court may review a claim as fairness requires if the claim has substantive merit and the petitioner did not deliberately and inexcusably fail to raise the issue in a previous proceeding." *Swaney*, 882 N.W.2d at 215.

The first eight of Prewitt's claims are *Knaffla*-barred because he could have raised them on direct appeal but did not do so. And Prewitt does not argue that any exceptions to the *Knaffla* rule apply here. Only Prewitt's ineffective-assistance-of-appellate-counsel claim is not procedurally barred because it could not have been raised on direct appeal. *See Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007). But this claim nevertheless is time-barred, as already discussed.

**III**

Prewitt suggests that the district court abused its discretion by denying his petition without an evidentiary hearing. "A postconviction court need not grant a hearing on a claim if the files and records of the proceeding conclusively establish that the petitioner is not entitled to relief." *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015) (citing Minn. Stat. § 590.04, subd. 1 (2014)). "Accordingly, a postconviction court may summarily deny a claim that is untimely under the postconviction statute of limitations or procedurally barred

6

under *Knaffla*." *Id.* (citation omitted). Because the record shows that Prewitt is not entitled

to relief on any of his claims, the district court did not abuse its discretion by summarily

denying his petition.

**Affirmed.**